UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | DOCKET NO. 5:25-cr-00042-KDB |
| v. | ) | |
| | ) | **FACTUAL BASIS** |
| ALEXANDER FRANCISE BLASSCYK | ) | |
| | ) | |

      NOW COMES the United States of America, by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

      This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

      Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

      1.    ALEXANDER FRANCISE BLASSCYK ("BLASSCYK") was a resident of Windermere, Florida.

      2.    BLASSCYK was the owner and manager of Main Stream Telecom II, LLC ("Main Stream Telecom"), a Florida limited liability company that purportedly represented private land owners in cell phone tower lease negotiations with cell phone tower companies and cell phone carriers.

      3.    Organic Telecommunications, LLC ("Organic Telecommunications") was a Florida limited liability company of which BLASSCYK's mother-in-law, L.K., was listed as the

registered agent and manager per the Florida Division of Corporations. BLASSCYK falsely represented to victims that Organic Telecommunications was a cell phone tower business.

4. The victims were residents or entities located in the Western District of North Carolina and elsewhere.

5. From in or around October 2018 through at least February 2024, BLASSCYK engaged in a scheme and artifice to defraud victims by making a series of false and fraudulent representations and deceptive half-truths of material fact, and concealing material information, about cell phone tower consulting services.

6. In furtherance of the scheme to defraud, BLASSCYK, directly and indirectly, solicited victims to enroll in BLASSCYK's cell phone tower consulting services.

7. In furtherance of the scheme to defraud, BLASSCYK provided false and fraudulent documents to victims on behalf of Main Stream Telecom, Organic Telecommunications, cell phone tower companies, and cell phone carriers, purporting to set out the terms of the consulting services, lease agreements, and payment schedules. BLASSCYK generally provided these documents to victims electronically. BLASSCYK's documents were designed to trick victims into believing that BLASSYCK was providing legitimate cell phone tower consulting services, and that cell phone tower companies or cell phone providers would make payments to the victims. For example:

    a. **Consultant Agreement.** BLASSCYK provided victims with consultant agreements ("Consultant Agreement(s)"), which generally provided a one-year term in which BLASSCYK was to market the victims' properties to cell phone tower companies and cell phone carriers and negotiate a cell phone tower lease agreement on behalf of the victims. In truth and in fact, BLASSCYK provided little to no consulting services on behalf of the victims, and, as a result, no victims obtained a cell phone tower lease agreement.

    b. **Letter of Intent.** BLASSCYK provided victims with letters of intent ("Letter(s) of Intent"), which typically stated that the victims' properties had been selected to be a new cell phone tower site and included multiple cell phone tower companies and cell phone carriers as the lessees. The Letters of Intent generally represented, among other things, that the lessees would pay the landowner $4,000 for an initial option period of twenty-four months ("Option Payment"). The Letters of Intent were false and fraudulent as the listed cell phone tower companies and cell phone carriers had not agreed to the proposal and no victims were paid the Option Payment.

    c. **Lease Agreement.** BLASSCYK provided victims with lease agreements ("Lease Agreement(s)") for the installation of a cell phone tower structure on the victims' properties. The Lease Agreements contained numerous

material misrepresentations, for example:

    i. Certain Lease Agreements included Organic Telecommunications as the tenant who represented to build a cell phone tower structure on the victims' properties. In truth and in fact, Organic Telecommunications was a sham entity that was formed by BLASSCYK that did not build or install cell phone towers.

    ii. Certain Lease Agreements included Cell Phone Carrier A as the tenant who represented to build a cell phone tower structure on the victims' properties. In truth and in fact, Cell Phone Carrier A had no knowledge of these Lease Agreements and did not review or approve the terms.

    iii. The Lease Agreements falsely represented that the victims would receive rent and bonus payments.

8. In furtherance of the scheme, BLASSCYK falsely represented to victims that he was in communication with cell phone carriers regarding lease negotiations.

9. In furtherance of the scheme, BLASSCYK falsely represented to victims that they would receive rent payments and Option Payments by certain dates. Victims never received any form of payment from cell phone tower companies or cell phone carriers.

10. In furtherance of the scheme, BLASSCYK solicited and obtained additional funds from victims for various services such as title searches, legal fees, Federal Communications Commission applications, bird studies, and cell phone tower upgrades. In truth and in fact, BLASSCYK did not use the victims' funds for these services and instead used the funds for personal expenses such as hotels, Airbnb's, restaurants, and bars.

11. In furtherance of the scheme to defraud, BLASSCYK directed the victims to make payments to BLASSCYK generally through peer-to-peer transfers and credit card payments, which were transmitted by means of wire communications in interstate commerce.

12. In carrying out the fraudulent scheme, BLASSCYK acted with an intent to defraud, and at all times, BLASSCYK acted intentionally, knowingly and willfully and not by accident or mistake.

13. As part of BLASSCYK'S scheme, hundreds of victims suffered losses of approximately $816,460.29.

14. BLASSCYK's offense involved sophisticated means and BLASSCYK intentionally engaged in or caused the conduct constituting sophisticated means.

RUSS FERGUSON
UNITED STATES ATTORNEY

_____
ERIC A. FRICK
SPECIAL ASSISTANT UNITED STATES ATTORNEY

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Information, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis.

_____     DATED: September 2, 2025
Steven Slawinski, Attorney for Defendant

4